Mr. Justice ThacheR
delivered the opinion of the court.
Salina Byrd’s administrators filed their petition in the probate court of Amite county, for the distributive share of their intestate in the estate of Thomas Bradley. The administrator of Thomas Bradley objected to the prayer of the petition, sotting up that he had not had possession of the slaves set apart to Salina Byrd, in his capacity as administrator, since the appointment of commissioners for the division of the estate, and their action thereon.
It is contended, by the administrator of Bradley, that upon the appointment of such commissioners, they are authorized and do take the legal possession of the property to be divided, and that from thenceforth the liability of an administrator therefor ceases.
This estimate of the power and duties of such commissioners is, we think, erroneous, The law makes it the duty of the administrator to make distribution upon a proper application, ■and upon an order of the court. The commissioners but ascertain the share to be distributed by the administrator to the several persons entitled to receive it. They do not become vested with any title whatsoever in the property to be divided, either before or after the division. They have a right to'require from the administrator a full opportunity to view and inspect the property, in order to ascertain the shares, but they are not entitled to its possession. After they have ascertained the shares and returned their report thereof to the probate court, their duties'and powers cease. It is the duty of the administrator to *272 make the distribution or delivery of the shares to their legal recipients.
Besides the foregoing, which was the sole objection raised by the administrator of Bradley to the petition in his answer thereto, it was attempted to ■ be shown by the testimony in the case, that Salina Byrd, in her lifetime, obtained possession of her share of the property. It seems there were three distribu-tees, and that the share of Salina Byrd consisted of three slaves. Immediately after the division, two of the distributees took possession of their shares, but Salina Byrd did not take possession of her share, and it was permitted or did remain on the plantation where the division took place. Subsequently, and on the day of the division, one of the slaves included in the share of Salina Byrd, was allowed,- by permission of the administrator, to go into the hands of one of the commissioners for the consideration of the board and clothing of said Salina. There was an attempt by the administrator, Hamden Bradley, to show that he acted as the agent and friend of Salina in the charge and custody of her share of the slaves; but one of his own witnesses proved that he had admitted t,o him, the witness, that he had possession of her share of the slaves in his capacity as administrator, since the death of Salina Byrd. The whole of the evidence in regard to this position must be regarded as irrelevant to the cause, not being responsive to any matter raised by the answer to the petition. It was clearly not legitimate to the defence, which was put exclusively upon the ground that the property had passed out of the control of the administrator into the hands of the commissioners. Still, whether upon the real legal ground assumed in the' answer, or the matter of .fact raised by the evidence, the -case is manifestly for the administrators of Salina Byrd. The whole record shows that Salina Byrd did not receive from the administrator her distributive share of the estate, and so the probate court considered.
The decree is affirmed.